IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH RICHTER, | ) |
| Plaintiff, | ) 8:17CV155 |
| v. | ) |
| | ) **MEMORANDUM** |
| U.S. SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER** |
| Defendant. | ) |

Plaintiff's Complaint against the Social Security Administration ("SSA") alleges that the SSA violated unspecified provisions of the Civil Rights Act of 1964; her rights under the First, Fifth (due process), and Eighth Amendments of the United States Constitution; and unnamed sections of the Americans With Disabilities Act when the SSA "cut me off of SSI" and failed to "schedule a timely ALJ hearing on a disputed SSI matter." Plaintiff alleges that the unidentified "matter" was appealed in 1999 and 2014, and the SSA failed to schedule any of the "3 ALJ appeal hearings" and the "3 inperson [sic] conferences." (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff also complains that the SSA made it difficult for her to obtain necessary forms and "consistently refuses to answer my questions." (Filing No. 1 at CM/ECF p. 1.) Plaintiff makes no requests for monetary damages or other relief.[1]

Plaintiff has been given leave to proceed with this case in forma pauperis (Filing No. 5.) and has filed a "Motion for Summary Judgment" (Filing No. 7) because she "did not get a response to the complaint filed May 1, 2017 by USPS mail." This case was reassigned to me on July 18, 2017. (Filing No. 8.)

---

[1] In order to state a claim for relief, Plaintiff must, among other things, make "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3).

## I. STANDARDS FOR INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. ANALYSIS

Although Plaintiff does not expressly cite the Social Security Act as the basis for her Complaint, she specifically challenges the SSA's discontinuation of her SSI benefits and the method by which it did so.

**A.   No Exhaustion of Administrative Remedies as to Wrongful Discontinuation of Benefits Claim**

Broadly construing Plaintiff's Complaint, it is apparent that this court lacks jurisdiction over Plaintiff's claim that the SSA wrongly discontinued her SSI benefits because Plaintiff does not allege or establish that she has exhausted her administrative remedies.

In order to exhaust her administrative remedies, Plaintiff must obtain a decision from an Administrative Law Judge after a hearing, 20 C.F.R. § 404.929, and, if dissatisfied with the outcome, seek review from the Appeals Council, 20 C.F.R. § 404.967. The Appeals Council may either deny review and allow the ALJ's decision to stand as the final determination of the Commissioner, or it can issue its own decision. 20 C.F.R. § 404.981. Only after these steps would Plaintiff's case become ripe for judicial review. *Id.*; *see also Mitchael v. Colvin*, 809 F.3d 1050, 1055 (8th Cir. 2016).

Here, Plaintiff has neither referred to, nor submitted, any final decision from an ALJ or the Appeals Council, depriving this court of jurisdiction over Plaintiff's claim that the SSA wrongly discontinued her SSI benefits. *Grisso v. Apfel*, 219 F.3d 791, 793 (8th Cir. 2000) ("To the extent [the plaintiff's] mandamus petition sought reimbursement of benefits, we agree with the district court that it lacked jurisdiction to review such a claim absent exhaustion of administrative remedies."); *Robinson v. Sec'y of Health & Human Servs.*, No. 89-1199, 1989 WL 109432, at *1 (6th Cir. Sept. 22, 1989) (affirming dismissal of claim for compensatory and punitive damages for deprivations allegedly suffered after Social Security benefits were wrongfully terminated because the claim "was not a review of an agency decision, [and] the court lacked jurisdiction under [42 U.S.C.] § 405(g)" to entertain it); *Armstrong v. Astrue*, 569 F. Supp. 2d 888, 898 (D. Minn. 2008) (dismissing claim challenging amount of monthly SSA benefits when plaintiff failed to submit final decision from ALJ or Appeals Council for federal district court's review).

### B. Sovereign Immunity

To the extent Plaintiff intends to seek money damages from the Social Security Administration for "cutting off" her SSI benefits and doing so in a manner that violated her constitutional rights, her claims are barred by sovereign immunity.

As an agency of the United States, the SSA enjoys sovereign immunity from suit absent consent, and such consent is a prerequisite for jurisdiction. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")

Section 405(g) of the Social Security Act only permits suits challenging final decisions of the SSA in connection with Social Security eligibility and benefits determinations. *See* 42 U.S.C. § 405(g) (providing that federal court jurisdiction is limited to "affirming, modifying, or reversing the [final] decision of the Commissioner").

> '42 U.S.C. [§ ] 405(g) is only jurisdictional in nature and does not waive sovereign immunity or confer a substantive right.' *De Lao v. Califano*, 560 F.2d 1384, 1390 (9th Cir. 1977) (citation omitted). Nor does the statute 'authorize money damages as a remedy for wrongful denial of disability benefits.' *Petzold v. Astrue*, No. CIV-07-0325, 2008 WL 542958, at *6 n.15 (W.D. Okla. Feb. 25, 2008) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 424, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988)).

*Nzongola v. Astrue*, 863 F. Supp. 2d 25, 28 (D.D.C. 2012) (dismissing plaintiff's complaint for lack of subject matter jurisdiction because action brought against SSA was effectively one brought against United States, which is immune from suit without prior consent and an express waiver of such immunity; 42 U.S.C. § 405(g) allows

SSA Secretary's decisions to be reviewed by federal district court, and that remedy is exclusive and bars damages claims resulting from that decision).

Here, Plaintiff's Complaint does not challenge any final decision of the SSA, and 42 U.S.C. § 405(g) does not expressly waive the SSA's immunity from suit as to the claims Plaintiff asserts. Because sovereign immunity operates as a jurisdictional bar, this court lacks subject matter jurisdiction over Plaintiff's claims against the Social Security Administration for monetary damages—to the extent she asserts such a claim. *See Glenn v. Soc. Sec. Admin.*, 110 F. Supp. 3d 541 (D.N.J. 2015) (dismissing for lack of subject matter jurisdiction suit against SSA seeking damages for alleged disability discrimination, bias, and threats because pro se plaintiffs' complaint did not challenge any final decision of the SSA, 42 U.S.C. § 405(g) contains no waiver of the SSA's immunity from plaintiffs' discrimination and tort allegations, and plaintiffs failed to allege facts suggesting SSA or one of its agents waived the SSA's sovereign immunity); *Fabian v. Colvin*, No. 14-141, 2014 WL 3952803 (W.D. Tex. Aug. 13, 2014) (dismissing pro se plaintiff's discrimination, evidence tampering, emotional distress, and due process claims against SSA on sovereign immunity grounds); *Cikraji v. Messerman*, No. 13-2059, 2014 WL 2965281 (N.D. Ohio June 30, 2014) (dismissing pro se plaintiff's common law claims against SSA on sovereign immunity grounds); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *2 (D. Neb. July 31, 2012) ("It is well settled that the United States has not waived its sovereign immunity for suits seeking damages based on alleged constitutional violations." (citing cases)); *Acevedo v. United States*, No. 4:08CV248 CDP, 2008 WL 2098129 (E.D. Mo. May 16, 2008) (action brought against SSA is one brought against the United States, which possesses sovereign immunity and can only be sued with its consent); *Fonseca v. Columbia Gas Sys., Inc.*, 37 F. Supp. 2d 214 (W.D.N.Y. 1998) (complaint seeking damages from the Commissioner of SSA in his official capacity barred by the doctrine of sovereign immunity); 2 Soc. Sec. Disab. Claims Prac. & Proc. § 19:3 (2d ed. Westlaw 2016) (federal statutory provisions allowing judicial review of SSA Commissioner's final administrative decisions do not

act as waiver of sovereign immunity and do not extend jurisdiction to actions seeking damages because of decision denying benefits).

### C. Potential Claims for Equitable Relief

As stated above, Plaintiff does not explicitly request any type of relief—neither monetary nor equitable. However, to the extent Plaintiff intends to request equitable relief, sovereign immunity would *not* bar claims for declaratory and injunctive relief against the SSA by virtue of 5 U.S.C. § 702 of the Administrative Procedure Act ("APA"). Even though Plaintiff's claims are not brought under the APA, section 702 of the APA "expressly waives sovereign immunity as to *any action* for nonmonetary relief brought against the United States," including claims arising under the Constitution. *Raz v. Lee*, 343 F.3d 936, 938 (8th Cir. 2003) (emphasis added). *See Krafsur v. Davenport*, 736 F.3d 1032, 1036 (6th Cir. 2013) ("[T]he Administrative Procedure Act waives sovereign immunity in lawsuits seeking non-monetary remedies from the United States for various legal wrongs, again including constitutional violations. 5 U.S.C. §§ 702, 706(2)(B)."); *Red Lake Band of Chippewa Indians v. Barlow*, 846 F.2d 474, 476 (8th Cir. 1988) (concluding § 702 waiver is not dependent on application of APA; § 702 waiver is dependent only on suit being against government and being one for non-monetary relief); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *3 (D. Neb. July 31, 2012) (same); *Taylor v. Rice*, No. CIV. 10-4746, 2012 WL 246014, at *7 (D. Minn. Jan. 6, 2012), *report and recommendation adopted*, No. CIV. 10-4746, 2012 WL 246038 (D. Minn. Jan. 25, 2012) (5 U.S.C. § 702 waived defendants' sovereign immunity in prisoner's lawsuit against federal Bureau of Prisons employees in their official capacities which did not seek review under APA, but instead sought injunction to stop continuing constitutional violations).

Plaintiff should note that should she request equitable relief, this court may still lack jurisdiction over her claims. *See, e.g., Glass v. Comm'r, Soc. Sec.*, No. CV WMN-16-1357, 2017 WL 510391, at *2 (D. Md. Feb. 8, 2017) (Report and

Recommendations) (rejecting argument that court had federal question jurisdiction, combined with waiver of sovereign immunity under 5 U.S.C. § 702, of claims asserted against the Commissioner of SSA regarding the timeliness of plaintiff's Social Security application and the length of plaintiff's back pay award because such issues "expressly pertain[ed] to adjudication of her Social Security claim," even though plaintiff couched complaint as seeking only non-monetary declaratory and injunctive relief under 5 U.S.C. § 702; recommending dismissal of complaint for lack of subject matter jurisdiction).

### D. Purported Claims Under Civil Rights Act and ADA

Plaintiff's Complaint generally refers to the Civil Rights Act of 1964 and the Americans With Disabilities Act, but she does not allege any factual matter "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As stated above, a claim is not facially plausible unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's Complaint, as currently drafted, fails to state a claim upon which relief may be granted under the Civil Rights Act of 1964 and the Americans With Disabilities Act.

### E. Plaintiff's Motion for Summary Judgment

Plaintiff has filed a "Motion for Summary Judgment" (Filing No. 7) on the grounds that she "did not get a response to the complaint filed May 1, 2017 by USPS mail." Where, as here, "[t]he United States, a United States agency, or a United States officer or employee [is] sued only in an official capacity," no answer is required until 60 days after service on the United States Attorney. Fed. R. Civ. P. 12(a)(2). The docket sheet for this case does not indicate that service upon the United States Attorney has occurred. Therefore, the defendant is not yet obligated to file an answer, and Plaintiff's Motion for Summary Judgment must be denied.

Accordingly,

IT IS ORDERED:

1. Plaintiff is granted 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief can be granted and which must:

(a) Make a demand for what type of relief Plaintiff seeks pursuant to Fed. R. Civ. P. 8(a)(3). Plaintiff should not demand money damages from the Social Security Administration for "cutting off" her SSI benefits and doing so in a manner that violated her constitutional rights, as such claims are barred by sovereign immunity;

(b) With regard to any claim Plaintiff intends to bring under 42 U.S.C. § 405(g) for reimbursement of SSI benefits that the SSA wrongfully discontinued, allege facts that have—or will likely have after a reasonable opportunity for further investigation or discovery—evidentiary support showing that Plaintiff has exhausted her administrative remedies. Fed. R. Civ. P. 11(b)(3);

(c) Allege facts that have—or will likely have after a reasonable opportunity for further investigation or discovery—evidentiary support showing that Plaintiff is entitled to relief under *particular* sections of the Civil Rights Act of 1964 and the Americans With Disabilities Act pursuant to Fed. R. Civ. P. 8(a)(2);

2. Failure to file an amended complaint or failure to sufficiently amend the claims will result in dismissal of this action without prejudice and without further notice;

3. The Clerk of the Court's office is directed to set the following pro se case management deadline: August 25, 2017: check for amended complaint; and

4. Plaintiff's Motion for Summary Judgment (Filing No. 7) is denied.

DATED this 25th day of July, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge