IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RUTH RICHTER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:17CV155 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| U.S. SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis (Filing No. 5). After initial review of Plaintiff's Complaint, the court ordered Plaintiff to file an amended complaint. (Filing No. 9.) Plaintiff has now filed an Amended Complaint (Filing No. 11) and Supplement (Filing No. 12) in which Plaintiff alleges that she seeks declaratory and injunctive relief against the defendant under 5 U.S.C. § 702 of the Administrative Procedure Act for "not getting an ALJ hearing until 17 years later after . . . appeal filed" and "leaving an aging disabled citizen with no SSI benefits to which Plaintiff was entitled" during those 17 years, thereby depriving her of "full due process" and her First Amendment "right to be heard." (Filing No. 11 at CM/ECF pp. 3-4, 6.) While not completely clear, it appears Plaintiff is alleging that it took 17 years for the Social Security Administration to issue a decision in her favor regarding her entitlement to SSI benefits, and that decision was issued without a hearing, without the presence of Plaintiff and her lawyer, and without the presentation of witnesses in Plaintiff's favor. (Filing No. 11 at CM/ECF p. 6.)

While Plaintiff in one part of her Amended Complaint expressly denies that she is challenging "the SSI/overpayment matter," she repeatedly states that she wishes to "recoup her own SSI entitled payments that were wrongly withheld" and that she "should get her benefits back . . . from 1999 when she was cut off and an appeal was filed shortly thereafter." (Filing No. 11 at CM/ECF pp. 3-4.) She specifically asks

the court "to review the ALJ['s] fully favorable to me decision of June 7, 2017." (*Id*. at p. 5.) The court previously advised Plaintiff that without alleging that she has exhausted her administrative remedies, this court lacks jurisdiction over any claim that the Social Security Administration wrongly discontinued her SSI benefits. (Filing No. 9 at CM/ECF p. 3.) Plaintiff's Amended Complaint and Supplement do not contain any final decision from an ALJ or the Appeals Council. Thus, to the extent Plaintiff makes such a claim, this court does not have jurisdiction over a claim that the SSA wrongly discontinued Plaintiff's SSI benefits, and such claim shall be dismissed.[1] *Grisso v. Apfel*, 219 F.3d 791, 793 (8th Cir. 2000) ("To the extent [the plaintiff's] mandamus petition sought reimbursement of benefits, we agree with the district court that it lacked jurisdiction to review such a claim absent exhaustion of administrative remedies."); *Robinson v. Sec'y of Health & Human Servs.*, No. 89-1199, 1989 WL 109432, at *1 (6th Cir. Sept. 22, 1989) (affirming dismissal of claim for compensatory and punitive damages for deprivations allegedly suffered after Social Security benefits were wrongfully terminated because the claim "was not a review of an agency decision, [and] the court lacked jurisdiction under [42 U.S.C.] § 405(g)" to entertain it); *Armstrong v. Astrue*, 569 F. Supp. 2d 888, 898 (D. Minn. 2008) (dismissing claim challenging amount of monthly SSA benefits when plaintiff failed to submit final decision from ALJ or Appeals Council for federal district court's review).

Finally, contrary to the court's prior order that Plaintiff file an amended complaint that alleges facts "showing that Plaintiff is entitled to relief under *particular* sections of the Civil Rights Act of 1964 and the Americans With Disabilities Act"

---

[1]Plaintiff has only filed a purported copy of an email referencing parties not involved in this case and an alleged Request for Reconsideration to the Social Security Administration dated November 1, 2016. (Filing No. 12.) These items have not been properly authenticated. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). To the extent these items are even relevant, they contain extraneous handwritten notes and underlining and the email does not appear to be complete.

(Filing No. 9 at CM/ECF p. 8), Plaintiff's Amended Complaint simply refers to those acts without further illumination. Hence, these claims shall be dismissed.

Out of an abundance of caution, and because the court has not been presented with Plaintiff's relevant social security records, I shall allow this matter to go forward on Plaintiff's claim for declaratory and injunctive relief under 5 U.S.C. § 702 of the Administrative Procedure Act for the defendant's alleged violation of her First and Fifth (due process) Amendment rights when she was forced to live for 17 years without SSI benefits while the Social Security Administration allegedly delayed taking action on her appeal.[2]

Accordingly,

IT IS ORDERED:

1. Plaintiff's claim for declaratory and injunctive relief under 5 U.S.C. § 702 of the Administrative Procedure Act for the defendant's alleged violation of her First and Fifth (due process) Amendment rights when

---

[2] I previously warned Plaintiff "that should she request equitable relief, this court may still lack jurisdiction over her claims." *See, e.g.,* Glass v. Comm'r, Soc. Sec., No. CV WMN-16-1357, 2017 WL 510391, at *2 (D. Md. Feb. 8, 2017) (Report and Recommendations), *adopted by* Filing No. 49 (Mar. 1, 2017) (rejecting argument that court had federal question jurisdiction, combined with waiver of sovereign immunity under 5 U.S.C. § 702, of claims asserted against the Commissioner of SSA regarding the timeliness of plaintiff's Social Security application and the length of plaintiff's back pay award because such issues "expressly pertain[ed] to adjudication of her Social Security claim," even though plaintiff couched complaint as seeking only non-monetary declaratory and injunctive relief under 5 U.S.C. § 702; recommending dismissal of complaint for lack of subject matter jurisdiction). (Filing No. 9 at CM/ECF pp. 6-7.)

she was forced to live for 17 years without SSI benefits while the Social Security Administration allegedly delayed taking action on her appeal shall proceed.

2. To the extent Plaintiff asserts a claim that the Social Security Administration wrongly discontinued Plaintiff's SSI benefits, such claim is dismissed for Plaintiff's failure to exhaust administrative remedies. In addition, Plaintiff's purported claims under the Civil Rights Act of 1964 and the Americans With Disabilities Act are dismissed without prejudice.

3. The Clerk of the Court shall send THREE summons forms and THREE USM-285 forms to Plaintiff for service of process on the United States. Federal Rule of Civil Procedure 4(m) requires service of process by no later than 90 days after the filing of a civil complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

4. Plaintiff shall, as soon as possible, complete the forms (see attached Notice for persons to be served) and send the completed summonses and USM-285 forms back to the Clerk of the Court. In the absence of those forms, service of process cannot occur.

5. Upon receipt of the completed summons forms and USM-285 forms, the Clerk shall sign the summonses and forward them, together with copies of the Complaint, Amended Complaint, and Supplement (Filing Nos. 1, 11, 12), to the U.S. Marshal for service on the United States.

6. The Marshal shall serve the United States without payment of costs or fees. Service shall be effected pursuant to Federal Rule of Civil

Procedure 4(i) regarding "[s]erving the United States and Its Agencies, Corporations, Officers, or Employees."

DATED this 25th day of September, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge

# Notice regarding Federal Rule of Civil Procedure 4(i)

Federal Rule of Civil Procedure 4(i) regarding "[s]erving the United States and Its Agencies, Corporations, Officers, or Employees," states:

(1) *United States.* To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

(2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
>
> (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.